JEFFREY A. COHEN (SBN 149615)
JARED C. XU (SBN 314646)
**COHEN BUSINESS LAW GROUP**
*A Professional Law Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Tel:    (310) 469-9600
Fax:    (310) 469-9610

*Attorneys for Defendant*
Jason Edward Belvill, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ERIK PERKOWSKI, an individual; CORE LENDING, INC., a California corporation,<br><br>              Plaintiffs,<br><br>vs.<br><br>JASON EDWARD BELVILL, an individual,<br><br>              Defendant. | CASE NO.: 8:19-cv-02295-MCS-ADS<br><br>**FIRST AMENDED COUNTERCLAIM OF DEFENDANT/ COUNTER-CLAIMANT BELVILL; DEMAND FOR JURY** |
| JASON EDWARD BELVILL, an individual,<br><br>              Counter-Claimant<br><br>vs.<br><br>ERIK PERKOWSKI, a California corporation; CORE LENDING, INC., a California corporation; KAREN PERKOWSKI, an individual; cont'd BRITTNEY PERKOWSKI BELVILL, | 1. **BREACH OF FIDUCIARY DUTY**<br>2. **CONVERSION**<br>3. **SECURITIES FRAUD— VIOLATION OF SECTION 10(B) OF SECURITIES EXCHANGE ACT OF 1934 AND RULE 10B-5**<br>4. **SECURITIES FRAUD— VIOLATION OF CALIFORNIA CORPORATIONS CODE § 25501**<br>5. **FRAUDULENT INDUCEMENT**<br>6. **NEGLIGENT MISREPRESENTATION**<br>7. **CONSTRUCTIVE TRUST**<br>8. **BREACH OF WRITTEN CONTRACT**<br>9. **BREACH OF ORAL CONTRACT** |

COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

1

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•

1

an individual; and DOES 1 through 10, inclusive.

**10. UNJUST ENRICHMENT**
**11. DECLARATORY RELIEF**

2

Counter-Defendants

**JURY TRIAL DEMANDED**

3

4

5

**COUNTERCLAIMS**

6

7           Pursuant to Rule 13 of the Federal Rules of Civil Procedure,

8    Defendant/Counter-Claimant asserts the following Counterclaims and Third Party

     Claims against Plaintiffs/Counter-Defendants and Third-Party Defendants:

9

**PARTIES**

10

11   1.      Defendant/Counter-Claimant, Jason Belvill ("Belvill" or "Counter-Claimant")

     was at all relevant times herein an individual residing in the County of Orange,

12

     California, which is within this Court's judicial boundaries, and is, and is presently,

13

     an individual residing in the County of King, Washington.

14

15   2.      Plaintiff/Counter-Defendant, Core Lending, Inc. ("Counter-Defendant Core")

     is, and at all relevant times was, a California corporation, with its principle place of

16

     business in the County of Orange, California. Counter-Defendant Core has two

17

     shareholders who each own 50% of Counter-Defendant Core. They are

18

     Plaintiff/Counter-Defendant Erik Perkowski and Third-Party Defendant Karen

19

     Perkowski.

20

21   3.      Plaintiff/Counter-Defendant, Erik Perkowski, is and at all times relevant

     herein mentioned was an individual residing in the County of Orange, California. At

22

     all material times, Counter-Defendant Erik Perkowski was the financial advisor to

23

     Counter-Claimant who reposed trust and confidence in Erik Perkowski's financial

24

     and investment advice. Counter-Claimant is informed and believes and on that basis

25

     alleges at no time was Erik Perkowski licensed to sell investments, make investment

26

     recommendations, or provide financial advice to Counter-Claimant or anyone else.

27

28

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*•Los Angeles•*

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

2

1   At all material times, Erik Perkowski owed Counter-Claimant fiduciary duties of

2   utmost good faith and always to act in the best interest of Counter-Claimant.

3   4.     Third-Party Defendant, Karen Perkowski, is and at all times herein mentioned

4   was an individual residing in the County of Orange, California and wife of Counter-

5   Defendant Erik Perkowski. Counter-Claimant is informed and believes, and on that

6   basis alleges, that at no time was Karen Perkowski licensed to sell investments,

7   make investment recommendations, or provide financial advice to Counter-Claimant

8   or anyone else. At all material times, Karen Perkowski owed Counter-Claimant

9   fiduciary duties of utmost good faith and always to act in the best interest of

10  Counter-Claimant.

11  5.     Third-Party Defendant, Brittney Perkowski Belvill, is and at all times herein

12  mentioned was an individual residing in the County of Orange, California and

13  daughter of Counter-Defendant/Third-Party Defendant Erik and Karen Perkowski.

14  At all material times, Brittney Belvill worked for Counter-Defendant Core as an

15  administrator and oversaw numerous transactions Counter-Defendant Core made.

16  Brittney Belvill was a financial advisor to Counter-Claimant, who reposed trust and

17  confidence in Brittney Belvill's financial and investment advice. Counter-Claimant

18  is informed and believes and on that basis alleges that at no time was Brittney

19  Perkowski licensed to sell investments, make investment recommendations, or

20  provide financial advice to Counter-Claimant or anyone else. At all material times,

21  Brittney Perkowski owed Counter-Claimant fiduciary duties of utmost good faith

22  and always to act in the best interest of Counter-Claimant.

23  6.     Counter-Claimant is informed and believes and thereon alleges that there

24  exists, and at all relevant times existed, a unitary interest and ownership among

25  Counter-Defendant Core, on the one hand, and Counter-Defendant/Third-Party

26  Defendant Erik and Karen Perkowski, on the other hand, such that any individuality

27  and separateness between the corporation and the natural persons have ceased, and

28  Counter-Defendant Core is the alter ego of Erik and Karen Perkowski. Counter-

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

Claimant is further informed and believes and thereon alleges that Counter-Defendant Core is used as a mere shell, instrumentality, and conduit by Erik and Karen Perkowski for the purpose of inducing Counter-Claimant and others to "invest." Adherence to the fiction of the separate existence of Counter-Defendant Core would permit abuse of the corporate privilege, sanction a fraud, promote injustice, and produce an inequitable result.

7.     The true names and capacities, whether individual, corporate, associate or otherwise of Third-Party Defendants DOES 1 through 10 are unknown to Counter-Claimant, which therefore sues those Third-Party Defendants by such fictitious names.  Counter-Claimant will amend this Counter Claim to show the true names and capacities of such fictitiously named Third-Party Defendants when the same have been ascertained.   Counter-Claimant is informed and believe, and based thereon allege, that each of the fictitiously named Third-Party Defendants are indebted to Counter-Claimant as hereinafter alleged and that Counter-Claimant's rights against the fictitiously named Third-Party Defendants arises from such indebtedness.

8.     At all times herein mentioned, Third-Party Defendants DOES 1 through 10 were the agents, servants and employees of Counter-Defendants and Third-Party Defendants and in some manner were responsible for the events hereinafter mentioned and were acting within the scope of their authority as such agents, servants and employees, with the permission, consent and/or ratification.

9.     Venue for this action is proper in the County of Orange because it is here in the County of Orange, among other places, where the material misrepresentations were made, where Counter-Defendant Core, Counter-Defendant/Third-Party Defendant Erik and Karen Perkowski, and Third-Party Defendant Brittney Belvill solicited Counter-Claimant to invest in Counter-Defendant Core, where securities were sold to Counter-Claimant, and where the breaches occurred.

///

## **GENERAL ALLEGATIONS**

10.     On or about December 31, 2015, in Las Vegas, Nevada, at the residence of Counter-Claimant's friend, Third-Party Defendant Brittney told Counter-Claimant and his two friends about Core Lending, Inc. where she then worked as a representative or an agent. Throughout the entire evening, Third-Party Defendant Brittney Belvill told Counter-Claimant and his friends that her parents Counter-Defendant/Third-Party Defendant Erik and Karen Perkowski were millionaires, and that Counter-Defendant Core is a company worth at least 100 million dollars that lent money to property flippers and investors. She told Counter-Claimant and his friends that any investment made in Counter-Defendant Core is a bullet proof investment yielding a minimum of 8 percent interest and upwards of 12 percent interest annually. She told Counter-Claimant and their mutual friends that friends and family invest in Counter-Defendant Core, and that they should let her know when she gets back to California whether they would be interested in investing.

11.     Shortly after the Las Vegas trip, one of Counter-Claimant's friends asked Third-Party Defendant Brittney about investing in Counter-Defendant Core.

12.     On or about the night of January 11, 2016, Third-Party Defendant Brittney and Counter-Claimant went on a date in Santa Monica, CA. They had dinner at a restaurant called Father's Office. At dinner, Brittney Belvill urged Counter-Claimant to invest with Counter-Defendant/Third-Party Defendant Erik and Karen Perkowski. Brittney Belvill told Counter-Claimant that if he had "extra money," it would be a no-brainer, and that she and her siblings invested with Counter-Defendant Core and were getting paid monthly interest. Brittney Belvill also told Counter-Claimant that the loans to property flippers and real estate investors were secured by real property, and so if the debtors default, Erik and Karen Perkowski would just foreclose on the real property, buy it and sell it to wipe out any losses. Counter-Claimant expressed interest and asked Brittney Belvill whether

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

1  Counter/Third-Party Defendants Erik and Karen Perkowski and Core would accept
2  an investment from him.

3  13.    On or about February 7, 2016, conversations regarding investment between
4  Third-Party Defendant Brittney Belvill on behalf of her parents and Core with
5  Counter-Claimant continued. Counter-Claimant asked Third-Party Defendant
6  Brittney Belvill whether he could invest in Core. Brittney Belvill responded that she
7  had talked to her parents, and that there are no minimum amounts required to make
8  any investments. Brittney Belvill also stated that Erik and Karen Perkowski would
9  take funds as Core Lending, Inc. and invest it on his behalf by lending it to real
10 estate purchasers or owners. Brittney Belvill also communicated to Counter-
11 Claimant to the effect that the investment is extremely safe because it lent to debtors
12 secured by deeds of trust owned by the debtors, and that if the debtors default, Erik
13 and Karen Perkowski will be able to foreclose and sell the real properties.

14 14.    Brittney Belvill failed to inform Counter-Claimant that Counter-Claimant's
15 investment was directly tied to an individual debtor, or that if Counter-Defendant
16 Erik and Karen Perkowski as Core Lending, Inc. failed to obtain enough money
17 from the foreclosure of the debtor's real property to repay the investor, the investor
18 would not receive his interest or even principal. In short, Brittney Belvill failed to
19 inform Counter-Claimant the fact that Counter-Claimant's investment was at risk
20 and was dependent upon the status of a specific loan to a debtor made by Counter-
21 Defendants Erik and Karen Perkowski as Counter-Defendant Core, and that
22 Counter-Claimant's investment was not guaranteed.

23 15.    Brittney Belvill also failed to inform Counter-Claimant that the promise of
24 interest and the return of his principal is entirely contingent upon his having or
25 maintaining a good personal relationship with her.

26 16.    On or about February 7, 2016, Counter-Claimant made his first investment in
27 Counter-Defendant Core through Third-Party Defendant Brittney Belvill. Counter-
28 Claimant transferred to Brittney Belvill the amount of $30,000, which, in turn she


COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                              6

1  transferred to Erik and Karen Perkowski and Counter-Defendant Core on February
2  24, 2016.

3  17.    Between March 21, 2016 and March 26, 2016, during a Perkowski family
4  vacation to Puerto Vallarta, Mexico to which Counter-Claimant was invited,
5  Counter-Defendant Erik Perkowski told Counter-Claimant to the effect that the
6  investment of $30,000 is a strong investment and was much better than the volatile
7  stock market because it is secured by real estate assets, and that Counter-Claimant
8  should invest more in the future if he had more money. Third-Party Defendant
9  Brittney Belvill told Counter-Claimant to the effect that it was a good idea for him
10 to talk with Erik Perkowski because Erik Perkowski was incredibly smart about the
11 business and knowledgeable of all the ins and outs.

12 18.    On or about May 30, 2016, Third-Party Defendant Brittney Belvill wrote a
13 check for $15,000 to Third-Party Defendant Karen Perkowski, but only $5,000 went
14 to investing in Counter-Defendant Core.

15 19.    Between August 1, 2016 and May 2017, Counter-Claimant had conversations
16 with Counter-Defendant Erik Perkowski multiple times each month regarding
17 Counter-Defendant Core.

18 20.    During one of these conversations, Counter-Defendant Erik Perkowski and
19 Counter-Defendant Core confirmed to Counter-Claimant all of Third-Party
20 Defendant Brittney Belvill's previous misrepresentations to Counter-Claimant. Erik
21 Perkowski and Core confirmed to Counter-Claimant to the effect that the investment
22 is extremely safe because it is secured by deeds of trust on real property owned
23 Core's debtors, and that if the debtors default,  Erik and Karen Perkowski as Core
24 Lending, Inc. will be able to foreclose and then own the debtors' real property. In
25 addition, Erik Perkowski and Core explained that rarely have they ever evicted any
26 debtors because they only deal with a few debtors from Indiana and California who
27 repeatedly borrow money from them for real estate transactions. Erik Perkowski and

28

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                    7

1    Core assured Counter-Claimant that they have been operating under this business
2    model for over 15 years and have a wealth of experience with this business model.

3    21.    Counter-Defendant Erik Perkowski urged Counter-Claimant to take all of his
4    money out of the stock market because the stock market does not guarantee returns
5    the way he, Core and Karen Perkowski could. Erik Perkowski told Counter-
6    Claimant that Core will pay their investors interest at 12 percent initially and 10
7    percent later and that the investment was guaranteed by him and Karen Perkowski,
8    and that the investments are backed by real estate assets.

9    22.    While Counter/Third-Party Defendants Eric and Karen Perkowski have failed
10   to guarantee or return any portion of the investment, the fact that they initially
11   promised to guarantee the principal plus 10 percent interest and now are purportedly
12   only willing to guarantee the principal sans interest, constitutes an objective and
13   material distinction which significantly altered Counter-Claimant's decision to
14   proceed, and this false claim was a crucial component of the total mix of
15   information that a reasonable investor would have relied upon had the true
16   information been disclosed. Indeed, Counter-Claimant would not have invested had
17   he known the truth.

18   23.    Counter-Defendant Erik Perkowski also confirmed that they do not assign
19   Counter-Claimant's investment to a specific deed of trust, i.e. Counter-Claimant's
20   investment would not be tied to an individual debtor and the deed of trust on that
21   debtor's real property, and the returns on Counter-Claimant's investment are
22   guaranteed and not dependent upon that individual debtor's repayment or the status
23   of that debtor's real property. Erik Perkowski and Core assured Counter-Claimant
24   that they would put Counter-Claimant's investment in a pool of money and would
25   lend that money to debtors without assigning a relationship between Counter-
26   Claimant's investment and those debtors' deeds of trust.

27   24.    The fact that Counter-Defendants Erik Perkowski and Core and Third-Party
28   Defendant Brittney Belvill initially promised to diversify Counter-Claimant's risk

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

1 by putting the funds into a collection of loans and deeds of trust rather than
2 particular loans and deeds of trust, selected by Counter-Defendants, constitutes an
3 objective and material distinction which was a crucial component of the total mix of
4 information that a reasonable investor would have relied upon had the true
5 information been disclosed. Indeed, Counter-Claimant would not have invested had
6 he known the truth.

7 25.    Counter-Defendant Erik Perkowski and Counter-Defendant Core also failed
8 to inform Counter-Claimant that the promise of interest and the return of his
9 principal was in any way contingent upon his good relationship with Third-Party
10 Defendant Brittney Belvill.

11 26.    The omission of the significant and important information that the terms of
12 Counter-Claimant's investment is contingent upon any personal relationship with
13 Counter-Defendant Erik Perkowski's daughter affects any reasonable investor's
14 decision to invest.

15 27.    On or about August 29, 2016, Counter-Claimant wrote a check for $12,000 to
16 Third-Party Defendant Karen Perkowski as a second investment. On or about the
17 same day, Third-Party Defendant Brittney wrote a check for $3,000 to Counter-
18 Defendant Core.

19 28.    On or about October 31, 2016, Counter-Claimant and Third-Party Defendant
20 Brittney Belvill were married.

21 29.    In February 2017, after learning that Counter-Claimant had borrowed against
22 his own retirement account, Counter-Defendant Erik Perkowski advised Counter-
23 Claimant to invest the funds in Core rather than repaying them because the
24 investment into deeds of trust was safer than the retirement account.

25 30.    On or about April 2, 2017, Counter-Claimant wrote another check to Core for
26 $50,000 as the next investment.

27 31.    On or about December 9, 2017, Counter-Claimant wrote another check to
28 Core for $90,000 as the next investment.



COUNTERCLAIMS AND THIRD-PARTY COMPLAINT                    9

32.     On or about January 2, 2018, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski executed a note in favor of Counter-Claimant for the sum of $119,000 on the same terms as all the other money invested with them and Counter-Defendant Core. The terms of the note guarantee 10 percent interest to be paid monthly starting on January 1, 2018. The entire principal was also guaranteed to be repaid within one month "[u]pon request."

33.     On or about July 9, 2018, Counter-Claimant wrote another check to Core for $60,000 as the last investment under the same terms.

34.     Counter-Claimant met numerous times with Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill, and whenever it was discussed, which occurred several times, Erik Perkowski, Karen Perkowski, and Brittney Belvill repeated and re-affirmed the aforementioned terms.

35.     Starting in April 2019, Counter-Defendant Core abruptly stopped interest payment on all investments to Counter-Claimant. Counter-Claimant has no idea what decisions have been made, where the investment funds or real estate assets are located or whether the real estate assets have been foreclosed upon.

36.     Counter-Defendant Erik Perkowski claims to have sent a letter to Counter-Claimant and Third-Party Defendant Brittney Belvill on April 7, 2019, stating, "Due to your actions, squandering money to legally sue each other and end your marriage, in addition to our trust deed income taking a turn for the worse, Karen and I are not paying you any interest on your money invested in trust deeds." Neither Counter-Claimant nor Third-Party Defendant Brittney Belvill had ever received said letter.

37.     On February 20, 2020, Counter-Claimant sent a demand letter to Counter-Defendant Erik Perkowski and Counter-Defendant Core, demanding the return of the principal and all interests owed, pursuant to the January 2, 2018 executed note. There has been no response to this letter and there has been no return of principal or interest owed.



38.      Counter-Claimant is informed and believe and, based on such information and belief, alleges that Counter-Defendant Core was and remains a scam seeking other people's money for Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski to invest in real estate loans without any intention to repay, as well as a tool to gain leverage over Counter-Claimant in his marriage to Erik and Karen Perkowski's daughter. Counter-Claimant further alleges that Core, Erik and Karen Perkowski together with Third-Party Defendant Brittney Perkowski have each repeatedly materially misrepresented to Counter-Claimant the nature and financial stability of Core and the terms of his investment.

## **FIRST CAUSE OF ACTION**

**(Breach of Fiduciary Duty Against Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill and DOES 1-10)**

39.      Counter-Claimant repeats and realleges the allegations contained in paragraphs 1 through 38, inclusive, of his Counterclaim and Third Party Claim herein, and by reference thereto, incorporates the same herein as though more fully set forth herein.

40.      As Counter-Claimant's financial and investment advisor, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill owed fiduciary duties to Counter-Claimant. A fiduciary duty imposes on Eric and Karen Perkowski and Brittney Belvill a duty to act with the utmost good faith and in the best interests of Counter-Claimant, and includes duties of loyalty, care and fair dealing.

41.      Counter-Defendant Erik Perkowski , Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill breached their fiduciary duties to Counter-Claimant by providing false and misleading information to Counter-Claimant, by failing to provide access to information about Counter-Claimant's



1  investments and concealing pertinent information from Counter-Claimant which
2  they should have disclosed.

3  42.    Counter-Claimant is harmed in a sum according to proof, but at least
4  $250,000.00, as a legal result of Counter/Third-Party Defendants' breaches of
5  fiduciary duties.

6  43.    As herein alleged, Counter/Third-Party Defendants, and each of their, conduct
7  are and were oppressive, fraudulent, or malicious. Hence, in addition to general and
8  compensatory damages, Counter-Claimant should be awarded exemplary and
9  punitive damages to punish Counter/Third-Party Defendants, and each of them,
10 pursuant to California Civil Code Section 3294.

11                          **SECOND CAUSE OF ACTION**

12    **(Conversion Against Counter-Defendant Core, Counter-Defendant Erik**
13    **Perkowski, Third-Party Defendant Karen Perkowski and DOES 1-10)**

14 44.    Counter-Claimant repeat and reallege the allegations contained in paragraphs
15 1 through 43, inclusive, of his Counterclaim and Third Party Claim herein, and by
16 reference thereto, incorporates the same herein as though more fully set forth herein.

17 45.    Counter-Claimant is informed and believes and thereon alleges that
18 Counter/Third-Party Defendants, and each of them, misappropriated monies and
19 assets belonging to Counter-Claimant.

20 46.    Counter-Claimant did not consent to Counter-Defendant Core, Counter-
21 Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski taking
22 and/or misappropriating such monies.

23 47.    As a legal result of Counter-Defendant Core, Counter-Defendant Erik
24 Perkowski and Third-Party Defendant Karen Perkowski's conversion of monies,
25 Counter-Claimant have suffered damages in an amount to be proven at trial, but at
26 least $250,000.00. Furthermore, Counter-Claimant seeks prejudgment interest on the
27 monies converted.

28


COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•

48.     As herein alleged, Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's conduct is and was oppressive, fraudulent, and malicious. Hence, in addition to general and compensatory damages, Counter-Claimant should be awarded exemplary and punitive damages to punish Eric and Karen Perkowski pursuant to California Civil Code Section 3294.

**THIRD CAUSE OF ACTION**

**(For Securities Fraud—Violation of Section 10(b) of Securities Exchange Act of 1934 and Rule 10b-5, against Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski, and Third-Party Defendant Brittney Belvill and DOES 1-10, inclusive)**

49.     Counter-Claimant hereby re-alleges, and incorporates herein, each and every allegation of paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     The note in Counter-Claimant's possession executed by Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski as well as other investment contracts in Counter-Defendant Core constitute securities within the meaning of the Securities Exchange Act of 1933 and related common law. Even if these securities may be exempt from registration requirements, the antifraud and civil liability provisions of Rule 10b-5 still apply.

51.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill affirmatively created an impression of a state of affairs that differed materially from the reality. All Counter/Third Party Defendants created this false impression to Counter-Claimant in multiple conversations with Counter-Claimant. Counter-Claimant was led to believe that his investment in Counter-Defendant Core was an investment incapable of failing with a promise of an annual interest of 10 percent paid monthly. None of this turned out to be true.

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                        13

52.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Bellvill knew of the falsity of their representations and made the representations intentionally so as to mislead Counter-Claimant.

53.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill intentionally made false representations and omissions, or were deliberately reckless in that their conduct represented an extreme departure from the standards of ordinary care. There was significant danger of misleading Counter-Claimant that was both known to all Counter/Third Party Defendants, and each of them and was so obvious that Counter/Third Party Defendants, and each of them must have been aware.

54.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill's motive for this intentional or deliberate and reckless conduct was the collection of funds to use for their own personal benefit, in a manner not disclosed to investors, including Counter-Claimant, specifically including use of the funds as leverage over Counter-Claimant in his relationship to Brittney Belvill and remodeling their home.

55.     Counter-Claimant relied upon Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill's affirmative misrepresentations in connection with the sale of the note and receipt of other investments in Counter-Defendant Core.

56.     As a proximate result of Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill's affirmative misrepresentations in connection with the sale of the note and receipt of other investments in Counter-Defendant Core, Counter-Claimant has incurred and continue to incur significant economic losses, including but not


COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                              14

1  limited to the loss of his initial investments and all monthly interests after March

2  2019 and portions of monthly interests after September 2016.

3  57.    Third-Party Defendant Karen Perkowski is a director and officer of Counter-

4  Defendant Core, a closely held company. Karen Perkowski exercised actual power

5  or control over Cross-Defendant Core who is liable under Section 10(b) of

6  Securities Exchange Act of 1934 and Rule 10b-5.

7  58.    Third-Party Defendant Karen Perkowski knew that Counter-Defendant Core,

8  Counter-Defendant Erik Perkowski, and Third-Party Defendant Brittney Belvill

9  were soliciting Counter-Claimant to invest in the securities at issue, and therefore,

10  Karen Perkowski is jointly and severally liable to Counter-Claimant for the acts of

11  Cross-Defendant Core that caused Counter-Claimant to incur and continue to incur

12  significant economic losses, including but not limited to the loss of his initial

13  investments and all monthly interests after March 2019 and portions of monthly

14  interests after September 2016.

15  ## FOURTH CAUSE OF ACTION

16  **(For Securities Fraud—Violation of California Corporations Code § 25501,**

17  **against Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-**

18  **Party Karen Perkowski and Third-Party Defendant Brittney Belvill and DOES**

19  **1-10, inclusive)**

20  59.    Counter-Claimant hereby re-alleges, and incorporates herein, each and every

21  allegation of paragraphs 1 through 58 inclusive, as though fully set forth herein.

22  60.    The promissory note in Counter-Claimant's possession executed by Counter-

23  Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant

24  Karen Perkowski as well as other investment contracts by Counter-Claimant in

25  Counter-Defendant Core, each constitute securities within the meaning of

26  Corporations Code section 25019 and related common law. Even if these securities

27  may be exempt from California qualification requirements, the antifraud and civil

28  liability provisions of Corporations Code section 25501 still apply, as do the joint



COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                    15

1 and several liability provisions for executive officers and directors under

2 Corporations Code section 25504.

3 61.    In connection with the sale of the note and receipt of other investments in

4 Counter-Defendant Core, Counter-Defendant Core, Counter-Defendant Erik

5 Perkowski, and Third-Party Defendant Brittney Belvill made untrue statements of

6 material fact concerning the securities, and the sale thereof, in multiple oral

7 communications to Counter-Claimant.

8 62.    Counter-Defendant Core, Counter-Defendant Erik Perkowski, and Third-

9 Party Defendant Brittney Belvill falsely represented to Counter-Claimant that the

10 investments in Counter-Defendant Core were an investment incapable of failing

11 with a guarantee of an annual interest of 10 percent per year, paid monthly. None of

12 this turned out to be true.

13 63.    As a proximate result of Counter-Defendant Core, Counter-Defendant Erik

14 Perkowski, and Third-Party Defendant Brittney Belvill's affirmative

15 misrepresentations in connection with the sale of the note and other investments in

16 Counter-Defendant Core, Counter-Claimant has incurred and continue to incur

17 significant economic losses, including but not limited to the loss of the principal of

18 his initial investments and all interest after March 2019 and portions of monthly

19 interests after September 2016.

20 **FIFTH CAUSE OF ACTION**

21 **(For Fraudulent Inducement, against Counter-Defendant Core, Counter-**

22 **Defendant Erik Perkowski , Third-Party Defendant Karen Perkowski , Third-**

23 **Party Defendant Brittney Belvill and DOES 1-10, inclusive)**

24 64.    Counter-Claimant hereby re-allege, and incorporate herein, each and every

25 allegation of paragraphs 1 through 63, inclusive, as though fully set forth herein.

26 65.    Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party

27 Defendant Karen Perkowski, and Third-Party Defendant Brittney Belvill repeatedly

28 verbally represented that the following facts were true: the investments in Counter-

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                16

Defendant Core were investments incapable of failing with a guarantee of an annual interest of 10 percent paid monthly.

66.     These representations were false when made, or were made recklessly and without regard for the truth, because, in actuality, Counter-Defendant Core has defaulted on the investments since April 2019.

67.     Counter-Claimant's reasonable and justifiable reliance on the representations of Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Perkowski's false representations were substantial factors in causing significant economic losses to Counter-Claimant, including but not limited to the loss of his initial principal investments and all interest payments after March 2019. But for Counter/Third Party Defendant's, and each of them, false representations, Counter-Claimant would not have invested in Counter-Defendant Core and would not have suffered economic losses.

68.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill misrepresented and concealed facts from Counter-Claimant with the intention of depriving him of property or legal rights, and otherwise causing injury. Counter/Third Party Defendant's, and each of them, engaged in despicable conduct which was carried on with such a willful and conscious disregard of Counter-Claimant's rights, and which has subjected Counter-Claimant to cruel and unjust hardship. Accordingly, Counter-Claimant are entitled to punitive and exemplary damages against Counter/Third-Party Defendants, and each of them.

///
///
///
///
///



## SIXTH CAUSE OF ACTION

**(For Negligent Misrepresentation, against Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski, Third-Party Defendant Brittney Belvill and DOES 1-10, inclusive)**

69.     Counter-Claimant hereby re-alleges, and incorporates herein, each and every allegation of paragraphs 1 through 68, inclusive, as though fully set forth herein.

70.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski, Third-Party Defendant Brittney Belvill through words represented that the following facts were true: the investments in Counter-Defendant Core were investment incapable of failing with a guarantee of an annual interest of 10 percent paid monthly.

71.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill may have honestly believed that these representations were true, but had no reasonable grounds for this belief. In actuality, Counter-Defendant Core has defaulted on repayment of the interest on the investments since April 2019 and have refused to repay the principal pursuant to demand as required.

72.     Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill intended that Counter-Claimant rely on their representations in connection with the sale of the note and receipt of other investments in Counter-Defendant Core.

73.     Counter-Claimant's reasonable and justifiable reliance on Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill's false representations were a substantial factor in causing significant economic losses to Counter-Claimant, including but not limited to the loss of his initial principal investments and all interest payments after March 2019. But for Counter/Third Party Defendant's, and each of their, false

1  representations, Counter-Claimant would not have invested in Counter-Defendant

2  Core and suffered economic losses.

3  74.    Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party

4  Defendant Karen Perkowski and Third-Party Defendant Brittney Belvill

5  misrepresented and concealed facts from Counter-Claimant with the intention of

6  depriving him of property or legal rights, and otherwise causing injury.

7  Counter/Third Party Defendants, and each of them, engaged in despicable conduct

8  which was carried on with such a willful and conscious disregard of Counter-

9  Claimant's rights, and which has subjected Counter-Claimant to cruel and unjust

10 hardship. Accordingly, Counter-Claimant are entitled to punitive and exemplary

11 damages against Counter/Third Party Defendant's, and each of them.

12 <u>**SEVENTH CAUSE OF ACTION**</u>

13 **(For Constructive Trust, against Counter-Defendant Core, Counter-Defendant**

14 **Erik Perkowski, Third-Party Defendant Karen Perkowski and DOES 1-10,**

15 **inclusive)**

16 75.    Counter-Claimant hereby re-allege, and incorporate herein, each and every

17 allegation of paragraphs 1 through 74, inclusive, as though fully set forth herein.

18 76.    As described herein, Counter-Defendant Core, Counter-Defendant Erik

19 Perkowski and Third-Party Defendant Karen Perkowski obtained funds from

20 Counter-Claimant for a note and other investments by fraud and breach of fiduciary

21 duty.

22 77.    Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party

23 Defendant Karen Perkowski has wrongfully acquired Counter-Claimant's funds for

24 a note and other investments and must hold this property as an involuntary

25 constructive trustee pursuant to California Civil Code sections 2223 and 2224.

26 ///

27 ///

28 ///



COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*•Los Angeles•*

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT                                           19

## **EIGHTH CAUSE OF ACTION**

**(For Breach of Contract, against Counter-Defendant Core, Counter-Defendant Erik, Third-Party Defendant Karen and DOES 1-10, inclusive)**

78.    Counter-Claimant hereby re-allege, and incorporate herein, each and every allegation of paragraphs 1 through 77, inclusive, as though fully set forth herein.

79.    Counter-Claimant has performed all obligations to be performed under the note and investment contracts, except to the extent such obligations have been excused as a result of his material breach and/or anticipatory breach.

80.    Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's wrongful conduct as alleged herein constitutes a material breach of the Agreement.

81.    As a proximate cause of Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's material breach of the note and investment agreement, Counter-Claimant has suffered general, special and consequential damages in a sum to be proved at trial, but believed to exceed $250,000 according to proof at trial. Counter-Claimant is further entitled to attorneys' fees provided for by the note for the collection of the note. Counter-Claimant is further entitled to prejudgment interest on all sums and costs.

## **NINTH CAUSE OF ACTION**

**(For Breach of Oral Contract, against Counter-Defendant Core, Counter-Defendant Erik, Third-Party Defendant Karen and DOES 1-10, inclusive)**

82.    Counter-Claimant hereby re-alleges, and incorporates herein, each and every allegation of paragraphs 1 through 81, inclusive, as though fully set forth herein.

83.    The facts alleged above constitute, in the alternative, an oral agreement between Counter-Claimant and Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski, and each of them, the terms of which are the same as the terms of the written note between the same parties.

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

20

84.    Counter-Claimant has performed all obligations to be performed under the oral investment contract, except to the extent such obligations have been excused as a result of Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's prior material breach and/or anticipatory breach.

85.    Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's wrongful conduct as alleged herein constitutes a material breach of the oral investment contract.

86.    As a proximate cause of Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski's material breach of the oral investment contract, Counter-Claimant has suffered general, special and consequential damages in a sum to be proved at trial, but believed to exceed $250,000 according to proof at trial. Counter-Claimant is further entitled to attorneys' fees provided for by oral investment contract which was agreed to have been the same as the written note which provides for recovery of attorney's fees to enforce such a contract. Counter-Claimant is further entitled to prejudgment interest on all sums and costs.

## **TENTH CAUSE OF ACTION**

**(For Unjust Enrichment, against Counter-Defendant Core, Counter-Defendant Erik Perkowski, Third-Party Defendant Karen Perkowski and DOES 1-10, inclusive)**

87.    Counter-Claimant hereby re-allege, and incorporate herein, each and every allegation of paragraphs 1 through 86, inclusive, as though fully set forth herein.

88.    Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski received investment funds from Counter-Claimant for specific purposes as alleged herein.

89.    Counter-Defendant Core, Counter-Defendant Erik Perkowski and Third-Party Defendant Karen Perkowski have used such funds, and all interest earned thereon for their own purpose, contrary to the agreements and understandings between the



1  parties and have thereby unjustly retained the principal investment funds and

2  interest earned thereon.

3  90.    Counter-Claimant seeks recovery of these investment funds and prejudgment

4  interests in an amount subject to proof.

5  **ELEVENTH CAUSE OF ACTION**

6  **(For Declaratory Relief, against Counter-Defendant Core, Counter-Defendant**

7  **Erik Perkowski, Third-Party Defendant Karen Perkowski and DOES 1-10,**

8  **inclusive)**

9  91.    Counter-Claimant hereby re-alleges, and incorporates herein, each and every

10  allegation of paragraphs 1 through 90, inclusive, as though fully set forth herein.

11  92.    Counter-Defendants Core and Erik Perkowski and Third-Party Defendant

12  Karen Perkowski through fraud and deceit have caused Counter-Claimant to take

13  action he would not have taken had he known the true facts.

14  93.    To wit, Counter-Defendants Core and Erik Perkowski and Third-Party

15  Defendant Karen Perkowski on or about March 2, 2018, caused Counter-Claimant

16  to execute a note, in their favor in the amount of $45,000, based upon a purported

17  loan and promising that the money will be forthcoming. However, Counter-

18  Defendant Core, which was to fund the loan, never dispersed the funds thereby

19  making the note fraudulent and thereby void ab initio.

20  94.    In association therewith, Counter-Defendants Core and Erik Perkowski and

21  Third-Party Defendant Karen Perkowski intentionally caused and coerced Counter-

22  Claimant into executing a deed of trust on March 15, 2018, in favor of Counter-

23  Defendant Core in the same amount.

24  95.    Counter-Defendants Core and Erik Perkowski and Third-Party Defendant

25  Karen Perkowski, through fraud, have thereby caused title to his property at 19410

26  Bothell Way N.E. Unit D-304, Bothell, Washington 98011 to have been wrongfully

27  and intentionally clouded in violation of the Revised Code of Washington 40.16.030

28  among other provisions.



COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•

COUNTERCLAIMS AND THIRD-PARTY
COMPLAINT

96.     Therefore, both the note for $45,000.00 and the deed of trust for $45,000 are false and void ab initio, however, in discovery conducted by counterclaimant, this allegation is disputed.

97.     On the basis thereof, Counter Claimant asserts and alleges that an actual controversy relating to the legal rights and duties of the respective parties, exists between the parties hereto, which requires a determination by this court in conjunction with the other claims asserted herein.

98.     Counter claimant seeks a declaration of this court that both the note for $45,000.00 and the deed of trust for $45,000 are void, ab initio, and otherwise false and invalid, constituting slander of title and are, based thereupon, stricken from the record, that title to the property be quieted in favor of Counter-Claimant to the extent of the Deed of Trust, and that counter defendants be ordered to take all action necessary so as to cause the cancellation of the Note and removal of the Trust Deed to occur within 10 days of the order of this court.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Claimant pray for judgment against Counter-Defendants and Third-Party Defendants as follows:

1.      For constructive trust in an amount according to proof at trial;

2.      For compensatory damages in an amount according to proof at trial;

3.      For money had and received in an amount to be proven at trial, plus accruing prejudgment interest until paid in full or date of entry of judgment;

4.      For exemplary and/or punitive damages;

5.      For pre-judgment and post-judgment interest;

6.      For a declaration of this court that both the note for $45,000.00 and the deed of trust for $45,000 are void, ab initio, and otherwise false and invalid constituting slander of title and are, based thereupon, stricken from the record, that title to the property be quieted in favor of Counter-Claimant to the extent of the Deed of Trust, and that counter defendants be ordered to take all action necessary so

1  as to cause the cancellation of the Note and removal of the Trust Deed to occur

2  within 10 days of the order of this Court.

3    7.    For attorneys' fees and costs incurred by Counter-Claimant;

4    8.    For such other and further relief as this Court may deem just and proper.

5  Dated: November 20, 2020                COHEN BUSINESS LAW GROUP

6                                          *A Professional Corporation*

7

8                              By:    _____/S/ JEFFREY A. COHEN_____

9                                      JEFFREY A. COHEN
                                        JARED C. XU
10                                     Attorneys for Defendant
                                        JASON EDWARD BELVILL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

## **JURY DEMAND**

2

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Investors

3

demand a trial by jury on all issues raised in this counterclaim and third-party claim.

4

5

Dated: November 20, 2020                    COHEN BUSINESS LAW GROUP

6                                              *A Professional Corporation*

7

8                                   By:    _____/S/ JEFFREY A. COHEN_____

9                                          JEFFREY A. COHEN
                                           JARED C. XU
10                                         Attorneys for Defendant
                                           JASON EDWARD BELVILL

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTERCLAIMS AND THIRD-PARTY COMPLAINT                    1

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•